UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

07 - 20898 CR-JORDAN [TORRES]
CASE NO: _____

16 U.S.C. § 3372(a)(2)(A)
16 U.S.C. § 3372(d)(1)
16 U.S.C. § 3374(a)(1)
18 U.S.C. § 2
18 U.S.C. § 371
18 U.S.C. § 545
18 U.S.C. § 1956(a)(2)(A)
21 U.S.C. § 331(a)
18 U.S.C. § 982(a)(2)(B)

UNITED STATES OF AMERICA

-vs-

CARLOS GERMAN BERDEAL,
LILLIAM PASTRANA BERDEAL,
RODOLFO JULIO REGO,
a/k/a "RODY," and
CARLOS SEAFOOD, INC.,



FILED by _____ D.C.
MAG. SEC.

NOV 1 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

_____ Defendants. _____/

## INDICTMENT

The Grand Jury charges that:

### BACKGROUND

At all times relevant to this Indictment:

1.    Defendant **CARLOS SEAFOOD, INC. ("CARLOS SEAFOOD")**, located at 4041

NW 28th Street, Miami, FL, was a family owned and operated company, incorporated in the State

of Florida in November 1978, and engaged in the purchase, importation, processing, packing,

exportation, and re-sale of seafood, to include frozen lobster tails, frozen shrimp, frozen conch meat,

and frozen fish. Defendant **CARLOS GERMAN BERDEAL ("CARLOS BERDEAL")** was President/Director and defendant **LILLIAM PASTRANA BERDEAL ("LILLIAM BERDEAL")** was Secretary/Treasurer of **CARLOS SEAFOOD**.

2.      Carodi Seafood de Nicaragua, S.A. ("Carodi") was a seafood company incorporated in Managua, Nicaragua, on November 5, 1998, with its principal place of business located in Puerto Cabezas, Nicaragua. **CARLOS BERDEAL** was the President and majority shareholder of Carodi, while the remainder of the company was owned by defendant **RODOLFO JULIO REGO ("RODOLFO REGO")**, a U.S. citizen residing in Nicaragua, and his spouse. **RODOLFO REGO** was Vice-President of Carodi.

3.      Pesca Fresca Ltd. ("Pesca Fresca") was a seafood company incorporated in Bluefields, Nicaragua, on November 29, 1991, with its principal place of business located in Bluefields. **RODOLFO REGO** was a manager and shareholder of Pesca Fresca. **CARLOS SEAFOOD, CARLOS BERDEAL,** and **LILLIAM BERDEAL** were the major financiers of Pesca Fresca.

4.      Carodi and Pesca Fresca engaged in various aspects of purchasing, processing, packing, selling, and exporting seafood products, including fish of the genus *Centropomus*, more commonly referred to in the United States and the State of Florida as Snook, and more commonly referred to in Central and South America, including Nicaragua, as Róbalo. **CARLOS SEAFOOD** was the exclusive importer of seafood from Carodi and Pesca Fresca.

### Florida Law

5.      The State of Florida has historically recognized Snook as the preeminent sport fish in State waters. The species has had a significant impact in Florida in terms of license sales, boat

sales, the hotel industry, and charter/guide services. The popularity of the species and pressure on its stocks prompted the State of Florida to implement laws to insure its sustainability as early as 1957. These restrictions, in their current form, appear in Florida Administrative Code ("FAC") Section 68B-21.003(1), which makes it unlawful for any person, firm, or corporation to buy, sell, trade, barter, or exchange Snook in any form or manner, or to receive anything of value for any Snook with or without changing possession thereof, and FAC Section 68B-21.004(1)(a), which states that no person, firm, or corporation shall kill, harvest, or have in its possession, regardless of where taken, any Snook during the period beginning December 15 of each year and continuing through January 31 of the following year. This means that only recreational possession of Snook is allowed, other than during closed seasons during which any possession of Snook is unlawful. Under FAC Section 68B-21.0015(6), a Snook is defined as, any fish of the genus *Centropomus*, or any part thereof.

**The Lacey Act**

6.      The Lacey Act, among other things, makes it unlawful for a person to import, export, transport, sell, receive, acquire, or purchase any fish or wildlife, including Snook/Róbalo fillets, possessed, transported, or sold in violation of any law or regulation of any State. 16 U.S.C. § 3372(a)(2)(A). The Lacey Act also makes it unlawful for a person to make or submit any false record, account, or label for, or any false identification of, any fish or wildlife which has been, or is intended to be, imported, exported, transported, sold, purchased or received from any foreign country or transported in interstate or foreign commerce. 16 U.S.C. §§ 3372(d)(1) and 3372(d)(2).

**Misbranding**

7.      The importation into the United States of food, drugs, devices, and cosmetics is governed by the provisions of the Food, Drug, and Cosmetic Act ("FDCA"), which is administered

3

by the United States Food and Drug Administration ("FDA"). The FDCA prohibits the importation of food that is misbranded. 21 U.S.C. § 331. Food is deemed misbranded when it contains a label that is false or misleading in any particular. 21 U.S.C. § 343(a)(1).

8.      Since as early as 1993, the FDA has maintained a compilation of accepted market names for imported and domestically available seafood, to include scientific names, common names, and known vernacular or regional names, entitled "The Seafood List." This list is available to the public in paper form and on the Internet. The Seafood List provides both the international and domestic seafood industry a public resource to insure that their seafood products are not misbranded and conform to the applicable United States regulations regarding the labeling of seafood. The term Sea Bass and "Golden Sea Bass" have never been used or recognized by FDA to be accepted market names, scientific names, or common names for *Centropomus* (Snook) species imported into the United States.

9.      The Nicaraguan Center of Export Procedures ("CETREX") also maintains its own list of the accepted local, common, and scientific names in Nicaragua for fish species recognized by CETREX for export. CETREX recognizes all species of the genus *Centropomus* only as Róbalo or Snook. "Golden Sea Bass" and "Sea Bass" have never been used or recognized by CETREX to be accepted market names, scientific names, or common names in Nicaragua for fish of the genus *Centropomus*.

**COUNT 1**
**Conspiracy**
**(18 U.S.C. §371)**

1.      Paragraphs 1 through 9 of the Background section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

4

2.     Beginning on an unknown date in or about July 1999, and continuing through on or about February 25, 2004, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CARLOS GERMAN BERDEAL,**
**LILLIAM PASTRANA BERDEAL,**
**RODOLFO JULIO REGO,**
**a/k/a "RODY," and**
**CARLOS SEAFOOD, INC.,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury:

(a)     To fraudulently and knowingly import and bring  into the United States, any merchandise contrary to law, that is, quantities of falsely labeled Snook/Róbalo fillets, and receive, conceal, sell, and facilitate the transportation, concealment, and sale of said merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, that is, contrary to Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(A), by importing quantities of falsely labeled Snook/Róbalo fillets, into the United States from Nicaragua that were taken, possessed, transported, and sold in violation of the laws of the State of Florida, Florida Administrative Code Sections 68B-21.003(1), 21.004(1)(a), all in violation of Title 18, United States Code, Section 545;

(b)     To knowingly engage in conduct involving the sale and purchase of fish with a market value in excess of $350, that is falsely labeled Snook/Róbalo fillets, and import, transport, sell, receive, acquire, and purchase said fish in interstate and foreign commerce, knowing said fish had been taken, possessed, transported, and sold in violation of and in a manner unlawful under the laws of the State of Florida, Florida Administrative Code Sections 68B-21.003(1), 21.004(1)(a), in

5

violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B);

(c)     To knowingly make and submit a false record, account, label for, and any false identification of, any fish which had been, and was intended to be imported, exported, transported, sold, purchased, and received from any foreign country, and transported in interstate and foreign commerce, that is, by transporting in foreign commerce from Nicaragua and importing into the United States Snook/Róbalo fillets, using invoices and boxes falsely labeled as "Golden Sea Bass" and "Sea Bass," when in fact, the boxes so labeled contained Snook/Róbalo fillets, in violation of Title 16, United States Code, Sections 3372(d)(1), (2) and 3373 (d)(3)(A)(i);

(d)     To knowingly import into the United States food that contains a label that is false or misleading, that is, by importing Snook/Róbalo fillets into the United States from Nicaragua using invoices and boxes labeled as "Golden Sea Bass" or "Sea Bass," in violation of Title 21, United States Code, Section 331(a).

## PURPOSE OF THE CONSPIRACY

3.     It was a purpose of the conspiracy for the defendants to unlawfully enrich themselves by maximizing profits by unlawfully purchasing, processing, and packing Snook/Róbalo fillets in Nicaragua and intentionally concealing the true identity for importation into the State of Florida by using the names "Golden Sea Bass" and "Sea Bass" on the invoices and boxes. It was further a part of the conspiracy to unlawfully maximize profits by introducing lower cost substituted seafood product, Snook/Róbalo, into the United States seafood market, which was eventually marketed as Grouper, a higher priced seafood product.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

6

4.     **CARLOS BERDEAL** and **LILLIAM BERDEAL** specified, designed, ordered, procured, had printed, and caused to be shipped to Nicaragua corrugated seafood box covers pre-printed with "Carodi, S.A., Sea Bass Fillets," from a Miami, Florida box manufacturer. These box covers were shipped to Carodi to be used in the packaging of Snook/Róbalo fillets exported to **CARLOS SEAFOOD** in Miami.

5.     **CARLOS BERDEAL** and **LILLIAM BERDEAL** specified, designed, ordered, procured, had printed, and later caused to be shipped to Nicaragua corrugated seafood box covers pre-printed with "Pesca Fresca & CIA. LTD," "Sea Bass Fillets" from a Miami, Florida box manufacturer. These box covers were shipped to Pesca Fresca to be used in the packaging of Snook/Róbalo fillets exported to **CARLOS SEAFOOD** in Miami.

6.     **RODOLFO REGO** instructed various employees at Carodi to check, mark, or otherwise indicate "Sea Bass" on the box covers for shipments of Snook/Róbalo from Carodi to **CARLOS SEAFOOD** in Miami, Florida.

7.     **RODOLFO REGO** and Carodi/Pesca Fresca employees at his direction, communicated with **CARLOS BERDEAL** and/or **LILLIAM BERDEAL** requesting them to send replacement box covers bearing the label, "Sea Bass" fillets for Carodi and Pesca Fresca.

8.     **CARLOS BERDEAL** and/or **LILLIAM BERDEAL** shipped and caused to be shipped to Carodi empty box covers containing the name "Sea Bass" fillets to be used to pack the Snook/Róbalo fillets for export to **CARLOS SEAFOOD** in Miami, Florida.

9.     **RODOLFO REGO** created and directed employees to create Carodi and Pesca Fresca invoices that were presented to U.S. Customs in Miami, Florida in connection with shipments of Snook/Róbalo fillets to **CARLOS SEAFOOD**, which falsely identified shipment contents as

7

"Golden Sea Bass" or "Sea Bass."

10.     **CARLOS BERDEAL** and **LILLIAM BERDEAL** sent money, via wire transfers, to Carodi and Pesca Fresca bank accounts, to provide these companies with working capital to pay for, among other things, operating expenses incurred in the procurement and production of seafood, including Snook/Róbalo.

11.     **CARLOS BERDEAL** and **LILLIAM BERDEAL**, and employees of **CARLOS SEAFOOD** at their direction, controlled the operations of Carodi, by, among other things, providing instructions and other directives to **RODOLFO REGO**, via radio and telephonic communications.

### OVERT ACTS

In furtherance of the conspiracy and to effect the objects and purpose thereof, there was committed and caused to be committed, by at least one of the co-conspirators herein, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

On or about the following dates, the defendants exported and caused to be exported from Nicaragua to **CARLOS SEAFOOD** in Miami, Florida, shipments containing Snook/Róbalo fillets, which were falsely labeled in boxes and on invoices as "Golden Sea Bass" or "Sea Bass" fillets, and were falsely identified as the same on U.S. Customs Entry/Immediate Delivery forms 3461 prepared by custom brokers at the behest of **CARLOS BERDEAL, LILLIAM BERDEAL,** and **CARLOS SEAFOOD** :

| OVERT ACT | UNITED STATES ENTRY DATE | LISTED QUANTITY | APPROXIMATE RETAIL VALUE |
|---|---|---|---|
| 1 | 2/6/01 | 6,240 lbs | $24,960.00 |
| 2 | 7/9/01 | 8,800 lbs | $35,200.00 |

8

| OVERT ACT | UNITED STATES ENTRY DATE | LISTED QUANTITY | APPROXIMATE RETAIL VALUE |
|---|---|---|---|
| 3 | 7/23/01 | 8,240 lbs | $32,960.00 |
| 4 | 1/3/02 | 5,920 lbs | $23,680.00 |
| 5 | 1/25/02 | 3,600 lbs | $14,440.00 |
| 6 | 9/16/02 | 4,920 lbs | $19,680.00 |
| 7 | 10/13/02 | 9,760 lbs | $39,040.00 |
| 8 | 11/23/02 | 2,760 lbs | $11,040.00 |
| 9 | 1/31/03 | 1,560 lbs | $6,240.00 |
| 10 | 7/8/03 | 4,360 lbs | $17,440.00 |
| 11 | 9/12/03 | 12,400 lbs | $49,600.00 |
| 12 | 12/8/03 | 13,600 lbs | $54,400.00 |
| 13 | 12/30/03 | 9,680 lbs | $38,720.00 |
| 14 | 1/6/04 | 3,080 lbs | $12,320.00 |
| 15 | 1/26/04 | 2,800 lbs | $11,200.00 |
| 16 | 2/25/04 | 2,400 lbs | $9,600.00 |

17.     On or about November 10, 2003, **LILLIAM BERDEAL** instructed Transatlantic Bank, Miami, Florida, in writing, to wire $65,000 to Banco Caley Dagnall in Nicaragua for payment to Carodi.

All in violation of Title 18, United States Code, Section 371.

### COUNTS 2 - 4
### Lacey Act-Trafficking in Illegal Fish
### (16 U.S.C. § 3372 (a)(2)(A) and 18 U.S.C. § 2)

1.     Paragraphs 1 through 9 of the Background section of this Indictment are realleged and incorporated by reference herein as though fully set forth herein.

9

2.  On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CARLOS GERMAN BERDEAL,**
**LILLIAM PASTRANA BERDEAL,**
**RODOLFO JULIO REGO,**
**a/k/a "RODY," and**
**CARLOS SEAFOOD, INC.,**

did knowingly engage in conduct involving the purchase and sale of fish with a market value in excess of $350, that is, frozen Snook/Róbalo fillets, and imported, exported, transported, sold, received, acquired, and purchased said fish in interstate and foreign commerce, knowing said fish had been taken, possessed, transported, and sold in violation of and in a manner unlawful under the laws of the State of Florida, that is, Florida Administrative Code Sections 68B-21.003(1), 21.004(1)(a).

| COUNT | APPROX. DATE | QUANTITY | CASES | APPROXIMATE RETAIL VALUE |
|-------|-------------|----------|-------|--------------------------|
| 2 | 1/15/03 | 1,200 lbs | 30 | $4,800.00 |
| 3 | 12/16/03 | 13,600 lbs | 340 | $54,400.00 |
| 4 | 1/29/04 | 2,800 lbs | 70 | $11,200.00 |

In violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B), and Title 18, United States Code, Section 2.

**COUNTS 5 - 9**
**Lacey Act - False Labeling**
**(16 U.S.C. §§ 3372(d)(1), (2), and 18 U.S.C. § 2)**

1.  Paragraphs 1 through 9 of the Background section of this Indictment are realleged and incorporated by reference herein as though fully set forth herein.

2.  On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

10

**CARLOS GERMAN BERDEAL,**
**LILLIAM PASTRANA BERDEAL,**
**RODOLFO JULIO REGO,**
**a/k/a "RODY," and**
**CARLOS SEAFOOD, INC.,**

did knowingly make and submit a false record, account, label for, and false identification of fish

which had been, and was intended to be imported, exported, transported, sold, purchased, and

received from a foreign country, and transported in foreign commerce, that is, by transporting in

foreign commerce and importing into the United States from Nicaragua, Snook/Róbalo fillets using

boxes and invoices falsely describing the fish as "Golden Sea Bass" and "Sea Bass," when, in fact,

the boxes so labeled contained Snook/Róbalo fillets belonging to the genus *Centropomus*, as set

forth below:

| COUNT | APPROX. DATE | QUANTITY | CASES | APPROXIMATE RETAIL VALUE |
|-------|--------------|----------|-------|--------------------------|
| 5 | 1/31/03 | 1,560 lbs | 39 | $6,240.00 |
| 6 | 6/11/03 | 1,480 lbs | 37 | $5,920.00 |
| 7 | 8/25/03 | 2,800 lbs | 70 | $11,200.00 |
| 8 | 10/10/03 | 5,640 lbs | 141 | $22,560.00 |
| 9 | 2/25/04 | 2,400 lbs | 60 | $9,600.00 |

In violation of Title 16, United States Code, Sections 3372(d)(1), (2) and 3373(d)(3)(A)(i),

and Title 18, United States Code, Section 2.

### COUNTS 10 - 12
**Misbranded Food**
**(21 U.S.C. § 331(a) and 18 U.S.C. § 2)**

1.    Paragraphs 1 through 9 of the Background section of this Indictment are realleged

and incorporated by reference herein as though fully set forth herein.

2.    On or about the dates specified as to each count below, in Miami-Dade County, in

11

the Southern District of Florida, and elsewhere, the defendants,

**CARLOS GERMAN BERDEAL,**
**LILLIAM PASTRANA BERDEAL,**
**RODOLFO JULIO REGO,**
**a/k/a "RODY," and**
**CARLOS SEAFOOD, INC.,**

did knowingly introduce or deliver for introduction into interstate commerce a food that was

misbranded, by importing into the State of Florida from Nicaragua frozen Snook/Róbalo fillets using

boxes and invoices falsely describing the fish as "Golden Sea Bass" and "Sea Bass," when, in fact,

the boxes so labeled contained frozen Snook/Róbalo fillets belonging to the genus *Centropomus*,

as set forth below:

| COUNT | APPROX.  DATE | QUANTITY | CASES | APPROXIMATE RETAIL VALUE |
|-------|---------------|----------|-------|--------------------------|
| 10 | 12/6/02 | 4,240 lbs | 106 | $16,960.00 |
| 11 | 8/7/03 | 4,520 lbs | 113 | $18,080.00 |
| 12 | 9/12/03 | 12,400 lbs | 310 | $49,600.00 |

In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18,

United States Code, Section 2.

### COUNTS 13 - 17
### Smuggling
### (18 U.S.C. § 545 and 18 U.S.C.  § 2)

1.      Paragraphs 1 through 9 of the Background section of this Indictment are realleged

and incorporated by reference herein as though fully set forth herein.

2.      On or about the dates specified as to each count below, in Miami-Dade County, in

the Southern District of Florida, and elsewhere, the defendants,

**CARLOS GERMAN BERDEAL,**
**LILLIAM PASTRANA BERDEAL,**

12

**RODOLFO JULIO REGO,**
**a/k/a "RODY," and**
**CARLOS SEAFOOD, INC.,**

did knowingly import and bring into the United States merchandise contrary to law, that is, quantities of frozen Snook fillets, and knowingly received, concealed, bought, sold, and facilitated the transportation, concealment, and sale of said merchandise after importation, knowing the same to have been imported and brought into the United States contrary to the Lacey Act, Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A)(i), by importing quantities of frozen Snook/Róbalo fillets into the United States from Nicaragua, that were falsely labeled, identified, and invoiced as "Golden Sea Bass" and "Sea Bass" fillets, when, in fact, they were frozen Snook/Róbalo fillets belonging to the genus *Centropomus*, as set forth below:

| COUNT | APPROX. DATE | QUANTITY | CASES | APPROXIMATE RETAIL VALUE |
|-------|--------------|----------|-------|--------------------------|
| 13 | 10/27/03 | 8,000 lbs | 200 | $32,000.00 |
| 14 | 11/17/03 | 7,320 lbs | 183 | $29,280.00 |
| 15 | 12/16/03 | 13,600 lbs | 340 | $54,400.00 |
| 16 | 12/30/03 | 9,680 lbs | 242 | $38,720.00 |
| 17 | 1/29/04 | 2,800 lbs | 70 | $11,200.00 |

In violation of Title 18, United States Code, Sections 545 and 2.

### COUNTS 18 - 22
### Money Laundering
### (18 U.S.C. § 1956(a)(2)(A) and 18 U.S.C. § 2)

1.      Paragraphs 1 through 9 of the Background section of this Indictment are realleged and incorporated by reference herein as though fully set forth herein.

2.      On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

13

**CARLOS GERMAN BERDEAL,**
**LILLIAM PASTRANA BERDEAL,**
**RODOLFO JULIO REGO,**
**a/k/a "RODY," and**
**CARLOS SEAFOOD, INC.,**

with the intent to promote the carrying on of specified unlawful activity, that is, the smuggling of

Snook/Róbalo fillets from Nicaragua into the United States in violation of Title 18, United States

Code, Section 545, transported, transmitted, and transferred a monetary instrument and funds from

a place within the United States to a place outside the United States, specifically Nicaragua, as set

forth in each count below:

| COUNT | DATE | AMOUNT | TRANSFER OF FUNDS |
|---|---|---|---|
| 18 | 8/5/03 | $60,000.00 | Wire Transfer from Intercontinental Bank Acct. No. 01112554 (**CARLOS SEAFOOD**) in Miami, Florida to Banco Caley Dagnall Acct. No. 0061023744 (Carodi) in Nicaragua |
| 19 | 9/9/03 | $65,000.00 | Wire Transfer from Intercontinental Bank Acct. No. 01112554 (**CARLOS SEAFOOD**) in Miami, Florida to Banco Caley Dagnall Acct. No. 0061023744 (Carodi) in Nicaragua |
| 20 | 9/30/03 | $50,000.00 | Wire transfer from Intercontinental Bank Acct. No. 01112554 (**CARLOS SEAFOOD**) in Miami, Florida to Banco Caley Dagnall Acct. No. 041018273 (Pesca Fresca) in Nicaragua |
| 21 | 11/10/03 | $65,000.00 | Wire transfer from Transatlantic Bank Acct. No. 7050013506 (**CARLOS SEAFOOD**) in Miami, Florida to Banco Caley Dagnall Acct. No. 0061023744 (Carodi) in Nicaragua |
| 22 | 12/10/03 | $35,000.00 | Wire transfer from Transatlantic Bank Acct. No. 7050013506 (**CARLOS SEAFOOD**) in Miami, Florida to Banco Caley Dagnall Acct. No. 0061023744 (Carodi) in Nicaragua |

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

14

## CRIMINAL FORFEITURE

**FORFEITURE ONE**

Upon conviction of the violations alleged in Counts 1 through 4 of this Indictment, the defendants,

**CARLOS GERMAN BERDEAL,**
**LILLIAM PASTRANA BERDEAL,**
**RODOLFO JULIO REGO,**
**a/k/a "RODY," and**
**CARLOS SEAFOOD, INC.,**

shall forfeit to the United States all fish or wildlife imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of Title 16, United States Code, Section 3372, or any regulation issued pursuant thereto, including but not limited to the following:

a.      Approximately twenty-four hundred (2400) pounds of fish fillets purporting to be "Golden Sea Bass" or "Sea Bass", imported by **CARLOS SEAFOOD** on or around February 18, 2004, under Customs entry number 516-20255383;

b.      Approximately 182 grams of fish fillet samples obtained from a shipment imported by **CARLOS SEAFOOD** on or around December 16, 2003, under Customs entry number 516-20252331;

c.      Approximately 140 grams of fish fillet samples obtained from a shipment imported by **CARLOS SEAFOOD** on or around January 29, 2004, under Customs entry number 516-20254519;

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 3374(a)(1), and the procedures outlined at Title 21, United States Code, Section 853.

**FORFEITURE TWO**

15

Upon conviction of the violations alleged in Counts 13 - 17 of this Indictment, the defendants,

**CARLOS GERMAN BERDEAL,**
**LILLIAM PASTRANA BERDEAL,**
**RODOLFO JULIO REGO,**
**a/k/a "RODY," and**
**CARLOS SEAFOOD, INC.,**

shall forfeit to the United States any property constituting, or derived from proceeds obtained, directly or indirectly, as the result of such violation, including but not limited to the following:

A sum of money equal to $103,500.00, in United States currency, representing the amount of proceeds obtained as a result of the sale of fish fillets that were imported into the United States from Nicaragua that were falsely boxed and invoiced as "Golden Sea Bass" and "Sea Bass" fillets, when, in fact, they contained frozen Snook/Róbalo fillets belonging to the genus *Centropomus*, contrary to Title 18, United States Code, Section 545;

Pursuant to Title 18, United States Code, Section 982(a)(2)(B).

If the property described in forfeiture one and two above as being subject to forfeiture, as a result of any act or omission of the defendants **CARLOS GERMAN BERDEAL, LILLIAM PASTRANA BERDEAL** and **CARLOS SEAFOOD, INC.**:

    1)    cannot be located upon the exercise of due diligence;

    2)    has been transferred, sold to, or deposited with a third person;

    3)    has been placed beyond the jurisdiction of the Court;

    4)    has been substantially diminished in value; or

    5)    has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States

16

Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property and, in addition, to require said defendant to return any such property to the jurisdiction of the Court for seizure and forfeiture.

Pursuant to Title 18, United States Code, Section 982.

A TRUE BILL

_____ /1ₛ /₀7

FOREPERSON                                  Date

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
NORMAN O. HEMMING, III
Assistant U.S. Attorney

_____
DIANE PATRICK
Assistant U.S. Attorney

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

CARLOS GERMAN BERDEAL,
LILLIAM PASTRANA BERDEAL,
RODOLFO JULIO REGO, a/k/a "Rody," and
CARLOS SEAFOOD, INC.,

               **Defendants.**
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s)      Yes _____   No _____
Number of New Defendants  _____
Total number of counts  _____

**Court Division:** (Select One)

X   Miami  ____  Key West
____  FTL    ____  WPB  ____  FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:   (Yes or No)   Yes
     List language and/or dialect   Spanish

4.   This case will take   7   days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
    (Check only one)                (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | X | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | X |
| V | 61 days and over | _____ | | |

6.   Has this case been previously filed in this District Court? (Yes or No)   No
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?   (Yes or No)   No
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____  District of _____

Is this a potential death penalty case? (Yes or No)   No

7.   Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?  _____ Yes   X  No

8.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?  _____ Yes   X  No
If yes, was it pending in the Central Region?   _____ Yes   _____ No

9.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes   X  No

10.   Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?  _____ Yes   X  No

11.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes   X  No

_____
NORMAN O. HEMMING, III
ASSISTANT UNITED STATES ATTORNEY
COURT ID# A5500680

*Penalty Sheet(s) attached                                    REV.9/11/07

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

Defendant's Name: _____ CARLOS GERMAN BERDEAL _____

Case No: _____

**COUNT 1:**

Conspiracy To Traffic in, Smuggle, Falsely Label and Misbrand Fish

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

**COUNTS 2-4:**

Trafficking in Illegal Fish

Title 16, United States Code, Section 3372(a)(2)(A)

**\*Max. Penalty:** 5 Years' Imprisonment as to each count

**COUNTS 5-9:**

False Labeling

Title 16, United States Code, Section 3372(d)(1)

**\*Max. Penalty:** 5 Years' Imprisonment as to each count

**COUNTS 10-12:**

Misbranded Foods

Title 21, United States Code, Section 331(a)

**\*Max. Penalty:** 3 Years' Imprisonment as to each count

**COUNTS 13-17:**

Smuggling Goods into the United States

Title 18, United States Code, Section 545

**\*Max. Penalty:** 20 Years' Imprisonment as to each count

**COUNTS 18-22:**

Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)

**\*Max. Penalty:** 20 Years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** _____ LILLIAM PASTRANA BERDEAL

**Case No:** _____

**COUNT 1:**

Conspiracy To Traffic in, Smuggle, Falsely Label and Misbrand Fish

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

**COUNTS 2-4:**

Trafficking in Illegal Fish

Title 16, United States Code, Section 3372(a)(2)(A)

**\*Max. Penalty:** 5 Years' Imprisonment as to each count

**COUNTS 5-9:**

False Labeling

Title 16, United States Code, Section 3372(d)(1)

**\*Max. Penalty:** 5 Years' Imprisonment as to each count

**COUNTS 10-12:**

Misbranded Foods

Title 21, United States Code, Section 331(a)

**\*Max. Penalty:** 3 Years' Imprisonment as to each count

**COUNTS 13-17:**

Smuggling Goods into the United States

Title 18, United States Code, Section 545

**\*Max. Penalty:** 20 Years' Imprisonment as to each count

**COUNTS 18-22:**

Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)

**\*Max. Penalty:** 20 Years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** _____ RODOLFO JULIO REGO, a/k/a "RODY" _____

**Case No:** _____

**COUNT 1:**

Conspiracy To Traffic in, Smuggle, Falsely Label and Misbrand Fish

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

**COUNTS 2-4:**

Trafficking in Illegal Fish

Title 16, United States Code, Section 3372(a)(2)(A)

**\*Max. Penalty:** 5 Years' Imprisonment as to each count

**COUNTS 5-9:**

False Labeling

Title 16, United States Code, Section 3372(d)(1)

**\*Max. Penalty:** 5 Years' Imprisonment as to each count

**COUNTS 10-12:**

Misbranded Foods

Title 21, United States Code, Section 331(a)

**\*Max. Penalty:** 3 Years' Imprisonment as to each count

**COUNTS 13-17:**

Smuggling Goods into the United States

Title 18, United States Code, Section 545

**\*Max. Penalty:** 20 Years' Imprisonment as to each count

**COUNTS 18-22:**

Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)

**\*Max. Penalty:** 20 Years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** _____ CARLOS SEAFOOD, INC. _____

**Case No:** _____

**COUNT 1:**

Conspiracy To Traffic in, Smuggle, Falsely Label and Misbrand Fish

Title 18, United States Code, Section 371

**\*Max. Penalty:** Fine of $500,000

**COUNTS 2-4:**

Trafficking in Illegal Fish

Title 16, United States Code, Section 3372(a)(2)(A)

**\*Max. Penalty:** Fine of $20,000 as to each count

**COUNTS 5-9:**

False Labeling

Title 16, United States Code, Section 3372(d)(1)

**\*Max. Penalty:** Fine of $20,000 as to each count

**COUNTS 10-12:**

Misbranded Foods

Title 21, United States Code, Section 331(a)

**\*Max. Penalty:** Fine of $10,000 as to each count

**COUNTS 13-17:**

Smuggling Goods into the United States

Title 18, United States Code, Section 545

**\*Max. Penalty:** Fine of $500,000 as to each count

**COUNTS 18-22:**

Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)

**\*Max. Penalty:** Fine of $500,000 as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**